**CT Corporation**

**Service of Process Transmittal**
09/16/2019
CT Log Number 536261232

**TO:** Sheila Pedersen, Legal Dept
Hilti, Inc.
5400 S 122nd East Ave
Tulsa, OK 74146-6099

**RE:** Process Served in District of Columbia

**FOR:** Hilti, Inc. (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Daren Wingo, Pltf. vs. Hilti, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, CO<br>Case # 2019CA005747B |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Core Driller |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/16/2019 at 14:28 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | within 20 days after service of this, summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Justin Mckenney<br>Koonz, McKenney, Johnson, DePaolis & Lightfoot, L.L.P.<br>10300 Eaton Place, Suite 200<br>Fairfax, VA 22030<br>703-218-4410 |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CTs transmittal may be incomplete. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/17/2019, Expected Purge Date: 09/27/2019<br><br>Image SOP<br><br>Email Notification, Anne Moberg  anne.moberg@hilti.com<br><br>Email Notification, Sheila Pedersen  sheila.pedersen@hilti.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of 1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT 1

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Daren Wingo
_____
Plaintiff

vs.                                                      Case Number _____

Hilti, Inc.
_____
Defendant

**SUMMONS**

To the above named Defendant: c/o CT Corporation System, 1015 15th St, NW, Ste 1000, Washington, DC 20005

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Justin M. Beall
_____
Name of Plaintiff's Attorney

10300 Eaton Place, Ste 200
_____
Address
Fairfax, VA 22030

703-218-4410
_____
Telephone

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Đế có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
Deputy Clerk

Date _____

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                              CASUM.doc


EXHIBIT 2



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                     Demandante

contra

                                               Número de Caso: _____

_____
                                     Demandado.

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante _____

Por: _____

Dirección _____
                                                  Subsecretario

_____

Fecha _____

Teléfono
加鬼認話,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.**

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares dónde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
09/03/2019 16:59PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Daren Wingo

vs

Hilti, INC.

Case Number: 2019 CA 005747 B

Date: September 3, 2019

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: (please print) Justin M. Beall, Esq. | Relationship to Lawsuit ☑ Attorney for Plaintiff |
| Firm Name: Koonz, McKenney, Johnson, DePaolis & Lightfoot, LLP | ☐ Self (Pro Se) Other: |
| Telephone No.: 703-218-4410   Six digit Unified Bar No.: 502394 | |

TYPE OF CASE: ☐ Non-Jury  ☑ 6 Person Jury  ☐ 12 Person Jury
Demand: $ 750,000.00   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____
Case No.: _____ Judge: _____ Calendar #: _____

NATURE OF SUIT:   (Check One Box Only)

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 _____
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000 Pltf. Grants Consent

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102(a)
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile-Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (including wrongful death)
- ☑ 16 Negligence-(Not Automobile, Not Malpractice)
- ☐ 17 Personal Injury-(Not Automobile, Not Malpractice)
- ☐ 18 Wrongful Death (Not malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts
- ☐ 23 Tobacco
- ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/October 2010


EXHIBIT 3

## INFORMATION SHEET, Continued

| D. OTHERS | | |
|---|---|---|
| I.<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation Over $25,000<br>☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as Judgment [D.C. Code § 2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code § 42-3301, et seq.) | ☐ 21 Petition for Subpoena [Rule 28-I(b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1) (Perpetuate Testimony) |

For individuals not represented by an attorney: ( ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

_____     9-3-19
Signature                      Date

CV-496/October 2010

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DAREN WINGO
14011 Maryann Lane
Summerduck, VA 22742

Plaintiff,

v.

Case No.: 2019 CA 005747 B

HILTI, INC.
7250 Dallas Parkway, Suite 1000
Plano, TX 75024

Serve: CT Corporation System
1015 15th St NW., Suite 1000
Washington, DC 20005

Defendant.

## COMPLAINT

Plaintiff Daren Wingo ("Plaintiff") sues Defendants Hilti, Inc. ("Defendant Hilti") and alleges:

### PARTIES

1. Plaintiff is an adult resident of the Commonwealth of Virginia living at the above-referenced address.

2. Defendant Hilti is, upon knowledge, information, and belief, a corporation located in the State of Texas, which at all times relevant herein, was licensed to conduct business in the District of Columbia.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

1



## JURISDICTION

3. Jurisdiction is proper under D.C. Code §§ 11-921 (1981), as amended, 13-423 (2012), as all incidents giving rise to this cause of action occurred in the District of Columbia.

## FACTS

4. Plaintiff incorporates by reference the above paragraphs of the Complaint as if fully alleged herein.

5. On or about, September 7, 2016, at about 11:15 a.m. Plaintiff, an employee of WMATA, was using a Core Driller, manufactured, maintained, and serviced by Defendant, when a pin on the Core Driller broke loose causing the heavy equipment to strike Plaintiff in the face, chest, neck, and shoulder resulting in serious injuries.

6. As a result of this incident, Plaintiff suffered severe and permanent injuries including, but not limited to, to his face, chest, shoulder, neck, and arms, for which he received medical treatment and from which he continues to experience pain and functional disability. He has also incurred lost wages as a result of this incident.

7. Upon information, knowledge, and belief, the Core Driller had been serviced by Defendant on the day before the incident or on the days leading up to the incident at the Hilti Service Station located at located at 2800 Gallows Rd, Vienna, VA 22180.

8. Defendant had, or in the exercise of reasonable care should have had, notice of the defect having just serviced the Core Driller in the days leading up to the accident and returned it for use by Plaintiff and other WMATA employees.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

2

9. At all time relevant hereto, Plaintiff was acting free and clear of any and all contributory negligence.

## COUNT I
### (Negligence/Failure to Warn)

10. Plaintiff incorporates by reference the above paragraphs of the Complaint as if fully alleged herein.

11. At all times relevant herein, Defendant owed a duty to Plaintiff to use reasonable care under the circumstances, including but not limited to, ensuring that the Core Driller provided to, and utilized by Plaintiff in a reasonable, safe and operable manner, was designed in a safe manner, without defects which would cause any unreasonable risk of harm to those, including Plaintiff, who were using the product in a reasonably foreseeable manner, and warning foreseeable users of the product of the unreasonable risk of harm.

12. Further, by servicing the Core Driller, Defendant undertook a duty to use reasonable care in the maintenance of the Core Driller and to return it in a condition safe for use by Plaintiff and others.

13. At all times relevant herein, Defendants breached this duty to Plaintiff by designing, manufacturing, and servicing a defective product which was unsafe for its intended use, including but not limited to not ensuring that the pin was structurally sound and adequately secured, failing to use reasonable care in servicing the Core Driller, and failing to warn foreseeable users of this product, including Plaintiff, of the unreasonable risk of harm.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

14. At all times relevant herein, Defendants knew or should have known when designing, manufacturing, and servicing this Core Driller that it was designed, manufactured, and/or serviced defectively, creating an unreasonable risk of harm to Plaintiff.

15. As a direct and proximate result of the negligently designed and/or serviced product, and Defendant's failure to warn of the defect, Plaintiff sustained serious and permanent injuries, has incurred, and will continue to incur, substantial expenses for medical care and attention; has incurred, and will continue to incur, a loss of wages and wage earning capacity; has suffered substantial, medical and demonstrable permanent impairment that has significantly affected her ability to perform customary daily activities; and has suffered, and will continue to suffer, physical pain and mental anguish.

## COUNT II
### (Strict Liability Design Defect – Product Liability)

16. Plaintiff incorporates by reference the above paragraphs of the Complaint as if fully alleged herein.

17. At all times relevant herein, Defendants participated in the design, sale, and maintenance of the Core Driller on which Plaintiff was injured.

18. Defendants designed, manufactured, installed and assembled a defective exercise ball because the design was unsafe and created an unreasonable risk of injury to those using the product.

19. The Core Driller remained unchanged from the time of manufacture and was in the same condition at the time of Plaintiff's injury.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

4

20. As a direct and proximate result of Defendants assembly and distribution of the defectively designed exercise ball, Plaintiff sustained serious and permanent injuries, has incurred, and will continue to incur, substantial expenses for medical care and attention; has incurred, and will continue to incur, a loss of wages and wage earning capacity; has suffered substantial, medical and demonstrable permanent impairment that has significantly affected his ability to perform customary daily activities; and has suffered, and will continue to suffer, physical pain and mental anguish.

WHEREFORE, in consideration of the above, Plaintiff demands judgment against the Defendant in the full and just amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), plus costs, interest, attorney's fees where permitted, along with any other relief the Court deems just and proper.

Respectfully submitted,

KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT, L.L.P.

By: _____
Justin M. Beall Esq. #502394
Willow Wood Plaza 1
10300 Eaton Place, Suite 200
Fairfax, VA 22030
(703) 218-4410
(703) 218-4411 (fax)
jbeall@koonz.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff respectfully requests a jury trial as to all issues alleged herein

_____
Justin Beall

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

5



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

DAREN WINGO
Vs.                                                            C.A. No.    2019 CA 005747 B
HILTI, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                               Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date: September 3, 2019
Initial Conference: 9:30 am, Friday, December 13, 2019
Location: Courtroom 219
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

CAIO-60



## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60