## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAREN WINGO | * | |
|    Plaintiff | * | Case No.: 1:19-cv-3081 |
| v. | * | |
| HILTI, INC. | * | |
|    Defendant | * | |

*****************************************************************************

## ANSWER TO COMPLAINT

Defendant Hilti, Inc., by its attorneys, Matthew Ranck and the Law Office of Schenker, Krause, & Lopez, hereby answers the Complaint filed against it in the above matter, and states:

1. Defendant is without sufficient information or knowledge to be able to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations as contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant is not required to respond to the allegations contained in Paragraph 3 of the Complaint as they relate to jurisdiction only. To the extent a response is deemed required, Defendant is without sufficient information or knowledge to be able to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendant repeats and re-alleges its answers to Paragraphs 1 through 3 as if fully set forth herein.

5. Defendant is without sufficient information or knowledge to be able to either admit or deny the allegations in this Paragraph with respect to whether Plaintiff was using a Core Driller manufactured by the Defendant, but denies he was using a Core Driller maintained or serviced by the Defendant. Defendant is without sufficient information or knowledge to be able to either admit or deny whether a pin broke loose or whether Plaintiff was struck or injured. Defendant denies that any act or omission on its part was negligent or was the cause of any injury to Plaintiff.

6. Defendant denies all allegations in Paragraph 6.

7. Defendant denies all allegations in Paragraph 7.

8. Defendant denies all allegations in Paragraph 8, including that there was a defect, that it had or should have had notice of a defect, and that it had serviced the Core Driller as alleged.

9. Defendant denies all allegations in Paragraph 9.

10. Defendant repeats and re-alleges its answers to Paragraphs 1 through 10 as if fully set forth herein.

11. Defendant denies all allegations in Paragraph 11.

12. Defendant denies all allegations in Paragraph 12, including that it had serviced the Core Driller as alleged.

13. Defendant denies all allegations in Paragraph 13, including that it designed and manufactured a defective or unsafe product, that it had serviced the Core Driller as alleged and that it owed or breached any duties alleged.

INTERNAL USE ONLY

14. Defendant denies all allegations in Paragraph 14, including that it designed and manufactured a defective or unsafe product, that it had serviced the Core Driller as alleged and that it owed or breached any duties alleged.

15. Defendant denies all allegations in Paragraph 15.

16. Defendant repeats and re-alleges its answers to Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant is without sufficient information or knowledge to be able to either admit or deny whether Plaintiff was using or was injured while using a Core Driller in which Defendant participated or selling. Defendant denies it designed or maintained the Core Driller as alleged.

18. Defendant denies all allegations in Paragraph 18.

19. Defendant denies all allegations in Paragraph 19.

20. Defendant denies all allegations in Paragraph 20.

21. Defendant denies all allegations not specifically and expressly admitted.

## AFFIRMATIVE and OTHER DEFENSES

1. The Complaint fails to state a cause of action against the Defendant upon which the relief requested can be granted.

2. Plaintiff's claims for relief are barred by the doctrine of contributory negligence.

3. Plaintiff's claims for relief are barred by the doctrine of assumption of risk.

4. Defendant breached no duty owed to the Plaintiff.

INTERNAL USE ONLY

5. Plaintiff's claims are barred from recovery in this action on the grounds of the applicable statute of limitations.

6. Plaintiff's claims are barred by the doctrine of laches and/or estoppel.

7. Plaintiff's injuries, losses and damages, if any, were caused in whole or in part by individuals and/or entities over which Defendant had no control or right of control.

8. Plaintiff's injuries, losses and damages, if any, resulted from or were caused by intervening or superseding causes not attributable to Defendant.

9. Plaintiff's claims are barred due to Plaintiff's misuse and/or unforeseeable misuse of the product.

10. Plaintiff's claims are barred due to a modification of the product.

11. Plaintiff failed to mitigate or minimize any damages that he suffered.

12. Defendant reserves the right to adopt and/or assert any such other and further defenses which may be raised by any other party to this action.

13. Defendant specifically reserves the right to amend and/or supplement its Answer to the Complaint so as to plead any additional affirmative and/or negative defenses to which they may be entitled, but of which they are currently unaware because of ongoing yet incomplete discovery and/or investigation, both of which are continuing.

INTERNAL USE ONLY

WHEREFORE, having fully answered the Complaint, Defendant Hilti, Inc. requests that this Court dismiss the Complaint with costs assessed against the Plaintiff.

| | |
|---|---|
| October 18, 2019<br>Date | /s/ Matthew Ranck<br>Matthew Ranck, #484983<br>Schenker, Krause, & Lopez<br>600 Red Brook Boulevard<br>Owings Mills, Maryland 21117<br>(410) 559-2420<br>Matthew.ranck@zurichna.com<br>*Attorneys for Defendant Hilti, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October 2019, a copy of the foregoing Answer to Complaint was served either by the Court's ECF system if Plaintiff's counsel is a member of the bar and registered and in any event, in addition, was also e-mailed and mailed, postage prepaid, sent to:

Justin M. Beall, Esquire (DC #502394)
Koonz, McKenney, Johnson, DePaolis & Lightfoot, L.L.P.
Willow wood Plaza 1
10300 Eaton Place, Suite 200
Fairfax, VA  22030
Jbeall@koonz.com
*Counsel for Plaintiff*

/s/ Matthew A. Ranck
Matthew A. Ranck, (#484983)

INTERNAL USE ONLY