# IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAREN WINGO** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :   **Case No.: 19-cv-3081 (CRC)** |
| | : |
| **HILTI, INC.,** | : |
| | : |
| **Defendant.** | : |
| | : |

### PLAINTIFF'S RULE 26 (a)(2) DESIGNATION OF EXPERT WITNESSES

The Plaintiff, Daren WIngo, by counsel, hereby identifies the following individuals as expert witnesses in this case in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Court's Scheduling Order.

### I.      MEDICAL EXPERTS (TREATING PHYSICIANS)

Each of the physicians identified herein may offer expert opinions in the area of causation and damage. The subject matter of their testimony will relate to the accident which is the subject of the instant lawsuit and the injuries and limitations suffered by the plaintiff as a result of construction accident as described in Plaintiff's Complaint. The subject matter will also include testimony addressing changes in the plaintiff's quality of life and any and all future needs for medical care.

The facts on which they will base their testimony will include past medical history, social and familial history, history of chief complaint, physical examination, results of diagnostic tests, notes, therapeutic treatment plans, results of therapy and medication either performed or prescribed by each of them or by others in the medical profession.

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

1

Their opinions will be based on the information which they obtained from the aforementioned procedures performed either by each of them or by others in conjunction with their education, training and experience in the field of medicine. Opinions may also be based in whole or in part on facts obtained from medical records generated by others. The opinions may relate to results of physical examinations, results of diagnostic tests, diagnosis, basis for diagnosis, causation, recommended treatment, basis for treatment recommended; nature, extent and duration of injury; current limitations and their impact on Plaintiff's activities of daily living, including but not limited to his ability to work, reasonableness of medical costs incurred, future limitations, future medical treatment, pain, medical expenses (present and future), ability or inability to work, and prognosis.

This list is not all-inclusive, but is intended to provide counsel with a full disclosure and fair notice of expected testimony of expert witnesses to avoid surprise and narrow the issues in contest.

1. **Costa G. Soteropoulos, MD**
**National Spine and Pain Centers**
**411B Park Hill Drive,**
**Fredericksburg, VA 22401**

Dr. Costa G. Soteropoulos, one of Plaintiff's treating physicians, provided orthopedic medical care to Plaintiff for his injuries following the accident, as described in Plaintiff's Complaint. He is expected to testify to the following: the care, examination and treatment rendered to the Plaintiff; any diagnosis made with respect to Plaintiff ; any diagnostic tests performed or recommended for Plaintiff, including CT scans, MRIs, and x-ray; the reasonableness of any medical expenses incurred as a result of the treatment of Plaintiff; current limitations and their impact on Plaintiff's activities of daily living,

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

————

(703) 218-4410

including but not limited to his ability to work; any future medical needs and the cost thereof; the cause of Plaintiff's injuries; and any other matters material to the care and treatment of Plaintiff. The contents of all medical records are adopted by reference and these physicians' opinions are contained therein. All medical records in Plaintiff's possession have been produced.

Specifically Dr. Soteropoulos is a physician board-certified in Physical Medicine and Rehabilitation with advanced fellowship training in Interventional Pain and Spine Management who is expected to testify based upon his background, training, and experience as such. While not an exhaustive summary of treatment provided, Dr. Soteropoulos is expected to testify regarding his care of Plaintiff as a result of the September 7, 2016, incident. Dr. Soteropoulos is expected to testify that he began treating Plaintiff on September 13, 2016, and will offer opinions regarding all treatment Plaintiff received following the September 7, 2016, incident. Prior to seeing Dr. Soteropoulos, Plaintiff had sought treatment from an out of state Urgent Care provider for treatment of his injuries.

On September 13, 2016, Plaintiff reported to Dr. Soteropoulos at National Spine and Pain Centers. It is anticipated that Dr. Soteropoulos will offer opinions regarding his findings and recommendations for this and following visits. At this visit, Plaintiff complained of pain in his right shoulder located at the bicipital groove. Plaintiff described the pain as throbbing, shooting, stabbing, and rated it a 4-5 out of 10 on the pain scale. Plaintiff's pain was aggravated by standing, walking, or lifting. Upon physical examination, tenderness of the shoulder was noted. Plaintiff was diagnosed with a incomplete rotator cuff tear or rupture of right shoulder. Dr. Soteropoulos recommended a

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

course of treatment including, but not limited to, injections, physical therapy, and narcotic prescriptions (Oxycodone) to address Plaintiff's right shoulder and bilateral knee injuries. Plaintiff was required to follow up on a regular basis due to the opiate prescribed.

After nearly a year of conservative treatment, including multiple injections, physical therapy, and narcotic prescriptions failed to alleviate Plaintiff's injuries, Dr. Soteropoulos referred Plaintiff to Dr. Nadim Hallal, an orthopedic surgeon, to perform a surgical repair to his shoulder. Plaintiff continues to treat with Dr. Soteropoulos to the present for complaints in his shoulder, bilateral knees, and right hand as related to the September 7, 2016, incident.

A copy of Dr. Soteropoulos's curriculum vitae will be provided. Further, he will be made available for deposition at the request of Defendant.

**2. Nadim L Hallal, MD**
   **INOVA Medical Group Orthopedics**
   **8355 Walker Lane, Ste 300**
   **Alexandria, VA 22310**

Dr. Nadim L Hallal, one of Plaintiff's treating physicians, provided orthopedic medical care to Plaintiff for his injuries following the accident, as described in Plaintiff's Complaint. He is expected to testify to the following: the care, examination and treatment rendered to the Plaintiff; any diagnosis made with respect to Plaintiff ; any diagnostic tests performed or recommended for Plaintiff, including CT scans, MRIs, and x-ray; the reasonableness of any medical expenses incurred as a result of the treatment of Plaintiff; current limitations and their impact on Plaintiff's activities of daily living, including but not limited to his ability to work; any future medical needs and the cost thereof; the cause of Plaintiff's injuries; and any other matters material to the care and treatment of Plaintiff.

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

4

The contents of all medical records are adopted by reference and these physicians' opinions are contained therein. All medical records in Plaintiff's possession have been produced.

Specifically Dr. Hallal is a physician board-certified in Orthopedic Surgery with special interest in management of knee and shoulder injuries in sports medicine as well as traumatic and degenerative conditions of the shoulder, hips and knees. Dr. Hallal is expected to testify based upon his background, training, and experience as such. While not an exhaustive summary of treatment provided, Dr. Hallal is expected to testify regarding his care of Plaintiff as a result of the September 7, 2016, incident. Dr. Hallal is expected to testify that he began treating Plaintiff on June 19, 2017, and will offer opinions regarding all treatment Plaintiff received following the September 7, 2016, incident.

On June 19, 2017, Plaintiff reported to Dr. Hallal at INOVA Medical Group Orthopedics. It is anticipated that Dr. Hallal will offer opinions regarding his findings and recommendations for this and following visits. At this visit, Plaintiff complained of continued pain and weakness in his right shoulder. Plaintiff indicated that his shoulder pain and weakness was interfering with his activities of daily living. Upon physical examination of Plaintiff's shoulder, Dr. Hallal noted right shoulder reveals forward elevation only about 120 degrees, marked positive impingement, and pain with resisted forward elevation. Plaintiff also noted marked tenderness to palpation with the biceps tendon over the shoulder and a positive biceps provocative testing as well as tenderness to palpation over the AC joint and pain with cross body adduction. In addition to the physical exam, Dr. Hallal reviewed an MRI scan which revealed some joint arthritis and subacrommial spurring but also a full-thickness tear of the supraspinatus expending into the infraspinatus,

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

5

severe tendinosis, and even partial tearing of the bicep tendon. Plaintiff was diagnosed with a traumatic rotator cuff tear and biceps injury cause by the September 7, 2016, incident.

Dr. Hallal concluded that Plaintiff would require surgical intervention in form of arthroscopy with subacromial decompression, distal clavicle resection, and rotator cuff repair, as well as an open biceps tenodesis. This operation was performed at INOVA Alexandria Hospital on November 21, 2017. Plaintiff continued to follow up with Dr. Hallal through November 21, 2018.

A copy of Dr. Hallal's curriculum vitae will be provided. Further, he will be made available for deposition at the request of Defendant.

### 3. Subir Jossan, MD
### Centers for Advance Orthopaedics, LLC
### 8525 Rolling Road, Suite 300
### Manassas, VA 20110

Dr. Subir Jossan, one of Plaintiff's treating physicians, provided orthopedic medical care to Plaintiff for his injuries following the accident, as described in Plaintiff's Complaint. He is expected to testify to the following: the care, examination and treatment rendered to the Plaintiff; any diagnosis made with respect to Plaintiff ; any diagnostic tests performed or recommended for Plaintiff, including CT scans, MRIs, and x-ray; the reasonableness of any medical expenses incurred as a result of the treatment of Plaintiff; current limitations and their impact on Plaintiff's activities of daily living, including but not limited to his ability to work; any future medical needs and the cost thereof; the cause of Plaintiff's injuries; and any other matters material to the care and treatment of Plaintiff. The contents of all medical records are adopted by reference and these physicians'

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

6

opinions are contained therein. All medical records in Plaintiff's possession have been produced.

Specifically Dr. Jossan is a physician board-certified in both general orthopaedics and orthopaedic hand surgery with decades of experience. He specializes in upper extremity problems of the hand, wrist, elbow and shoulder. Dr. Jossan is expected to testify based upon his background, training, and experience as such. While not an exhaustive summary of treatment provided, Dr. Jossan is expected to testify regarding his care of Plaintiff as a result of the September 7, 2016, incident. Dr. Jossan is expected to testify that he began treating Plaintiff on March 11, 2019, and will offer opinions regarding all treatment Plaintiff received following the September 7, 2016, incident.

On March 11, 2019, Plaintiff reported to Dr. Jossan at the Centers for Advance Orthopaedics. It is anticipated that Dr. Jossan will offer opinions regarding his findings and recommendations for this and following visits. At this visit, Plaintiff complained of continued pain and occasional numbness in his right hand. Dr. Jossan noted that Plaintiff suffered a severe crushing injury to his hand as a result of the September 7, 2016, incident. Upon physical examination of Plaintiff's right hand, Dr. Jossan noted lack of terminal active and passive full hyperextension of all digits, active triggering of the right ring finger with a palpable severely tender nodule, positive elbow flexion, positive tinel sign over the involved right elbow, and tenderness throughout the hand and arm. Plaintiff was diagnosed with a right forth digit trigger finger and right cubital tunnel syndrome caused by the September 7, 2016, incident. Dr. Jossan recommended conservative treatment including a cortisone injection and a sleep pillow to treat Plaintiff's right hand complaints related to

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

7

the September 7, 2016, incident. If Plaintiff's symptoms continued, Dr. Jossan recommended a nerve study and updated x-rays.

Plaintiff followed up with Dr. Jossan on April 10, 2019. Plaintiff reported continued pain in his hand and additional pain radiating from his neck into his right arm. Plaitniff indicated that he had been experiencing neck pain since the September 7, 2016, incident. Dr. Jossan recommended a full work-up of Plaintiff's neck including but not limited to an MRI of the cervical spine. Plaintiff was diagnosed with cervical radiculopathy, fourth digit trigger finger, and right cubital tunel syndrome caused by the September 7, 2016, incident. Dr. Jossan provided treatment including but not limited to, gel for Plaintiff's hand. Subsequently, Dr. Jossan reviewed the cervical MRI which revealed a C5-C6 disk bulge. As a result of this finding, Dr. Jossan placed Plaintiff on light work duty and restricted him from lifting more than twenty (20) pounds. Plaintiff continues to treat with Dr. Jossan to the present. .

A copy of Dr. Hallal's curriculum vitae will be provided. Further, he will be made available for deposition at the request of Defendant.

Plaintiff reserve the right to call any other physician who treated or examined Plaintiff for injuries sustained as a result of the September 7, 2016, incident. These providers include, but are not limited to, the following individuals/facilities:

1. **Megan Kelly**
   **Katharine Morgan PA-C**
   **National Spine and Pain Centers**
   **411B Park Hill Drive,**
   **Fredericksburg, VA 22401**

2. **Integrated Health, P.C.**
   **421 Park Hilll Drive**
   **Fredericksburg, VA 22401**

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

(703) 218-4410

8

3. **UNC Health Care**
   **4420 Lake Boone Trail**
   **Raleigh, NC 27607**

4. **Fauquier Health**
   **500 Hospital Drive**
   **Warrenton, VA 20186**

5. **INOVA Alexandria Hospital**
   **6355 Walker Lane,**
   **Alexandria, VA 22310**

6. **Virginia Radiology Associates**
   **8409 Dorsey Cir,**
   **Manassas, VA 20110**

7. **NAPA Anesthesiologist**
   **11781 Lee Jackson Memorial Hwy #550,**
   **Fairfax, VA 22033**

Plaintiff reserves the right to call any and all health care providers to testify concerning any and all aspects of the medical treatment rendered to Plaintiff. These experts may provide fact and/or expert testimony concerning any aspect of the care and treatment rendered to Plaintiff, including following: the care and treatment rendered to the Plaintiff; the nature and extent of the injuries sustained by Plaintiff; any diagnosis made with respect to Plaintiff; any medical treatment and/or diagnostic tests performed on Plaintiff; the reasonableness of any medical expenses incurred as a result of the treatment of Plaintiff; current limitations and their impact on Plaintiff's activities of daily living, including but not limited to his ability to work; any future medical needs and the cost thereof; the cause of Plaintiff's injuries; and any other material related to the care and treatment of Plaintiff. These health care providers are contained in the medical records of Plaintiff.

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

9

## II.      MEDICAL EXPERTS (RETAINED PHYSICIANS)

### 1.      Ian D Gordon M.D.
### 10011 Counselman Road
### Potomac MD 20854

D. Ian D. Gordon is a physician board-certified in general orthopedics with decades of experience. Dr. Gordon is expected to testify based upon his background, training, and experience as such. Dr. Gordon has been retained to evaluate the permanency of Plaintiff's injuries. Dr. Gordon's *curriculum vitae* and fee schedule have been produced to counsel, his case list has been requested and will be supplemented. Additionally, a summary of Dr. Gordons medical opinions are contained in his Medical Examination Report, dated February 12, 2021, which has previously been produced to counsel. Dr. Gordon's opinions may be amended as discovery is ongoing.

## III.     LIABILITY EXPERT

### 1.      Steve Noonan, P.E.
### Robson Forensic
### 354 North Prince Street
### Lancaster PA 17603

Mr. Noonan is a Mechanical Engineer and Rail Systems Expert. He is expected to testify based upon his experience, training, background and expertise as such. Mr. Noonan will prepare a written report, which will be supplemented as discovery is ongoing. Specifically, Plaintiff has previously requested the corporate deposition of Defendant, as well as depositions of WMATA employees and anticipates receiving date shortly from respective counsel. Mr. Noonan may also offer rebuttal testimony regarding the opinions expressed by the Defendant's expert(s), if any. Mr. Noonan's *curriculum vitae* and fee

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410

schedule have been produced to counsel, his case list has been requested and will be supplemented.

Respectfully submitted,

KOONZ MCKENNEY JOHNSON & DEPAOLIS, L.L.P.

By: /s/ Justin M. Beall
  Justin Beall Esq. #502394
  Willow Wood Plaza 1
  10300 Eaton Place, Suite 200
  Fairfax, VA 22030
  (703) 218-4410
  (703) 218-4411 (fax)
  Jbeall@koonz.com
  *Attorneys for Plaintiff*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Expert Designation was electronically filed and served this 21st day of April, 2021 to the following:

Matthew A. Ranck
Schenker, Krause & Lopez
600 Red Brook Blvd., Suite 650
Owings Mills, Maryland 21117
*Attorneys for Defendant*

/s/ Justin M. Beall
Justin M. Beall

LAW OFFICES

KOONZ MCKENNEY

JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1

10300 EATON PLACE, SUITE 200

FAIRFAX, VIRGINIA 22030

_____

(703) 218-4410