**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAREN WINGO | * | |
| Plaintiff | * | Case No.: 1:19-cv-3081 |
| v. | * | |
| HILTI, INC. | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S RULE 26(a)(2) INITIAL DISCLOSURE

Defendant Hilti, Inc., by its attorneys, Matthew Ranck and the Law Office of Schenker, Krause, & Lopez, hereby designates the following as expert witnesses for trial in accordance with Fed. R. Civ. Proc. 26(a)(2):

1. **Michael Hoffman**
   **Martin Schofield**
   **Hilti, Inc.**

Mr. Hoffman and Mr. Schofield are non-retained hybrid fact/expert witnesses who are being designated at this time out of an abundance of caution as the Defendant intends to call them to testify about the design, operation, manufacture, use and functionality of the Core Driller at issue in this case. They will also testify regarding Defendant's sale, maintenance, servicing and repairs to the product at issue and the process by which Defendant performs maintenance, servicing and repairs generally.

Among other matters, they will testify regarding that the Core Driller was sold on July 31, 2002 and records reveal that here were no columns/bases sold from 2005 to present for this Core Driller, so in all likelihood WMATA was still using what was supplied with the motor in 2002. This Core Driller was serviced by Defendant one time, on November 10, 2005, for a functional

Confidential \ Non Personal Data

repair. A functional repair typically involves the motor being sent in for repair without the column and base, which have few wear parts and are easy to replace, which is typically done by the customer. A store or sales representative would not perform a "general overhaul" of any kind. The lack of any maintenance, service or repair of this Core Driller at any time relevant to the incident alleged is also supported by the records and testimony of several WMATA personnel.

These witnesses are expected to testify that no act, error or omission of this Defendant was the cause of the incident and alleged damages, and that the cause was, among possibly other things, the acts, errors, and/or omissions of Plaintiff and/or others at WMATA. These acts, errors and omissions include, but are not necessarily limited to, poor and/or improper maintenance and servicing of the Core Driller, alteration of the Driller, failure to train and supervise, failure to inspect, failure to take reasonable steps to ensure the Driller was properly secured when in use, and improper use. WMATA personnel who witnessed the incident testified that the Core Driller was not properly secured when used by Plaintiff.

As a result, this Defendant committed no act of negligence or breach of any standard of care, nor was Defendant the cause of the incident or injuries.

These witnesses will also testify concerning the post-incident inspection of the Core Driller, which further supports the lack of any negligence by Defendant. They will testify that:

- The eccentric pin that secures the column to the base plate was missing and had been replaced with a bolt, nut and washers. This should not have been done. In addition, this fastener was also different from the fastener observed in prior post-incident pictures, indicating that WMATA personnel routinely fail to properly maintain, service and repair the Core Driller, alter it and used it improperly.

- The hose connector assembly was missing, indicating that WMATA personnel fail to properly maintain, service and repair the Core Driller and used it improperly.

- Inside the bit, a heavy amount of slurry was visible, which indicates a lack of water running through the bit, indicating that WMATA personnel fail to properly maintain, service and repair the Core Driller and used it improperly.

Confidential \ Non Personal Data

- The power cord did not have the pigtail adapter on it, indicating that WMATA personnel fail to properly maintain, service and repair the Core Driller and used it improperly.

- The seals on the bottom of the stand were not in working order indicating that WMATA personnel routinely fail to properly maintain, service and repair the Core Driller and used it improperly.

- The carriage was missing a cam, spring washer and screw, indicating that WMATA personnel routinely fail to properly maintain, service and repair the Core Driller and used it improperly.

- The base plate seals were not properly maintained, serviced and repaired, and the most common cause of an incident such as Plaintiff alleges is the operator failing to properly bolt down the base plate.

- The core bit showed obvious signs of coring not in a 90 degree/stable condition, the paint was completely rubbed off and there were huge gouges in the side of the bit, indicating that WMATA personnel routinely fail to properly maintain, service and repair the Core Driller and used it improperly.

- Plaintiff's engineer expert was unfamiliar with the Core Driller and performed an inadequate inspection.

All testimony and opinions will be based on the witnesses' knowledge, education, training and experience and upon the matters contained in documents and other materials produced in discovery.

These witnesses may also be asked to address the testimony and opinions of Plaintiff's designated expert(s).

2.  **Clifford Hinkes, M.D.**
    **Montgomery Orthopedics,**
    **8401 Connecticut Ave.,**
    **Chevy Chase, MD 20815**

Dr. Hinkes will be called as an expert in the field of orthopedic medicine and surgery. Dr. Hinkes will testify and render opinions regarding his review of any and all of the Plaintiff's medical records, reports and bills for treatment rendered at any time; prior and subsequent medical treatment and history; the reasonableness and fairness of medical bills; the causal relationship

Confidential \ Non Personal Data

between the incident, diagnoses and treatment received and bills incurred; and the necessity of any and all medical treatment received by Plaintiff.  He will also testify regarding Plaintiff's pre-existing conditions, co-morbidities and conditions before and after the alleged incident and their effect on Plaintiffs' overall orthopedic health, stability and ability to engage in activities of daily living, employment and otherwise.  In particular, he will testify that Plaintiff had a pre-existing shoulder condition from a prior shoulder injury in August of 2014, and received treatment including an injection, subsequent aggravation in May of 2015 and that rotator cuff surgery had been recommended.  Thus, the Core Driller incident did not cause the alleged rotator cuff injury. In addition, Dr. Hinkes will testify that the C5-6 disc bulge diagnosed in April 2019 was not caused by the September 2016 incident.

The witness will testify and render opinions regarding any and all independent medical examinations conducted by him or his office of the Plaintiff and the reports made thereafter.  He will further testify and render opinions as to any and all testimony taken from and/or rendered by any and all of Plaintiff's experts or treating physicians and/or medical providers.  He will testify and render opinions as to what, if any, permanency the Plaintiff has or may be alleging.  A copy of Dr. Hinkes' report will be provided at an appropriate time following an IME.

The Defendant also reserves the right for Dr. Hinkes to testify on any and all issues raised by the Plaintiff as it relates to her injuries and damages which are addressed by the Plaintiff's expert in discovery and as part of Plaintiff's case.

3.      The Defendant reserves the right to call any and all physicians and health care providers that have seen and/or treated Plaintiff in the past, present and future and any experts Plaintiff intends to call at trial.

Confidential \ Non Personal Data

4.    Defendant also reserves the right to supplement this designation upon conclusion of discovery and receipt of complete opinions from Plaintiff's experts and an IME of Plaintiff.

5.    The Defendant generally reserves the right to supplement this designation to the extent that the Defendant determines the necessity of retaining additional experts in response to additional or supplemental information provided by Plaintiff.

6.    The Defendant specifically reserves the right to supplement this Statement to the extent that the Defendant determines the necessity of retaining other experts as a result of being provided with the specific opinions of Plaintiff's expert witnesses.

Respectfully submitted,

*/s/Matthew A. Ranck*_____
Matthew A. Ranck (#484983)
Schenker & Lopez
600 Red Brook Blvd., Suite 650
Owings Mills, Maryland 21117
Tel:  (410) 559-2420
Fax:  (410) 559-2401
Matthew.ranck@zurichna.com
*Attorneys for Defendant Hilti, Inc.*

Confidential \ Non Personal Data

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of June 2021, a copy of the foregoing Rule 26(a)(2) Disclosures was served electronically to:

Justin M. Beall, Esquire (DC #502394)
Koonz, McKenney, Johnson, DePaolis & Lightfoot, L.L.P.
Willow wood Plaza 1
10300 Eaton Place, Suite 200
Fairfax, VA  22030
Jbeall@koonz.com
*Counsel for Plaintiff*

/s/ Matthew A. Ranck
Matthew A. Ranck, (#484983)

Confidential \ Non Personal Data