**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

DAREN WINGO                                    *

     Plaintiff                          *       Case No.: 1:19-cv-3081-CRC

v.                                             *

HILTI, INC.                                    *

     Defendant                          *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S OBJECTION TO ENTRY OF SUMMARY JUDGMENT

Now comes Daren Wingo ("Plaintiff") by and through his counsel, and hereby files this Objection to Entry of Summary Judgment and states as grounds, therefore:

### BACKGROUND

This is tort action for products liability/negligence seeking damages for personal injuries sustained by Plaintiff. (Compl.). On or about, September 6, 2019, Mr. Daren Wingo filed a one count Complaint against Defendant Hilti, Inc. (hereinafter "Defendant Hilti") based on the failure of a core drilling tool allegedly sold and repaired by Defendant Hilti.

On or about September 7, 2016, Mr. Wingo, an employee of WMATA, was using a core driller at the jobsite which malfunctioned causing the equipment to strike Mr. Wingo in the face, chest, and shoulder and resulting in serious injuries. (Compl. ¶ 5). Mr. Wingo alleges that the core driller in question had been serviced by Hilti North America shortly before the accident. (Compl. ¶ 7). However, based on a failure by WMATA to preserve and/or produce the core driller (and its components), Plaintiff was not able to inspect the core driller in question (despite repeated requests) until several years after the incident and after WMATA had placed the equipment back into service. Plaintiff has filed a separate

LAW OFFICES
KOONZ MCKENNEY
JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1
10300 EATON PLACE, SUITE 200
FAIRFAX, VIRGINIA 22030

(703) 218-4410

suit against WMATA for Spoliation of Evidence. This case is currently active in this Court pending WMATA's Motion to Dismiss. *See Daren Wingo v. WMATA,* Case No.: 19-cv-3507 (KBJ) (D.D.C 2019). WMATA made the core driller available only after Plaintiff filed suit against both WMATA and Defendant Hilti. The core driller at issue in this case was finally produced for inspection on September 28, 2020, approximately four (4) years after the accident and after the equipment had been placed back into service by WMATA. Accordingly, Plaintiff's efforts in this case were substantially impacted by WMATA's failure to take the core driller out of service and also WMATA's failure to make the equipment available for inspection.

## PLAINTIFF'S POSITION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Due to the fact that core driller had been placed back in service by WMATA and was not produced for inspection before it was returned to service, despite Plaintiff's repeated requests to inspect the core driller, Plaintiff's liability expert, Mr. Steven Noonan, has been unable to offer an opinion on the cause of the core driller malfunction because the core driller was not in the same condition when it was made available for inspection four years after the accident. Additionally, due to the lack of records kept by WMATA and/or WMATA's inconsistent record keeping procedures[1] related to the core driller, Plaintiff has been unable to determine what entities repaired or serviced the core driller prior to the accident. Without this evidence, Plaintiff is unable to establish that the failure of the core driller was the result of a defect in the design of the core driller and/or negligent maintenance of the core driller performed by Defendant Hilti, WMATA, or other entities.

LAW OFFICES
KOONZ MCKENNEY
JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1
10300 EATON PLACE, SUITE 200
FAIRFAX, VIRGINIA 22030
_____

(703) 218-4410

---

[1] On or about July 15, 2021, Plaintiff took the depositions of two WMATA employees Natasha Edmonds and Michael Kosh to inquire about any records kept and WMATA's record keeping procedures in connection with the core driller.

2

Had WMATA preserved the equipment and made it available for inspection/testing, as originally requested, Plaintiff is confident that such critical information would have been able to establish Defendant Hilti's ultimate responsibility and role in the failure of the core driller that caused Plaintiff's accident.

Throughout the discovery process, Plaintiff has gone to great lengths and expense to determine the cause of the failure of the core driller. However, Plaintiff's efforts have been undermined at every step by WMATA's failure to collect, maintain, and produce evidence related to the core driller as clearly demonstrated in the depositions of multiple WMATA employees.

Based on the foregoing facts, Plaintiff objects to the entry of Summary Judgment because it is manifestly unjust, unfair, and against public policy, that through no fault of his own, Plaintiff's efforts to pursue this claim against Defendant Hilti have been barred by WMATA's Spoliation of Evidence.

Dated: September 3rd, 2021                    Respectfully submitted,

                                                                       KOONZ MCKENNEY JOHNSON &
                                                                          DEPAOLIS L.L.P.

                                                           By: /s/ Justin M. Beall
                                                                 Justin Beall Esq. #502394
                                                                 Willow Wood Plaza 1
                                                                 10300 Eaton Place, Suite 200
                                                                 Fairfax, VA 22030
                                                                 (703) 218-4410
                                                                 (703) 218-4411 (fax)
                                                                 Jbeall@koonz.com
                                                                 *Attorneys for Plaintiff*

LAW OFFICES
KOONZ MCKENNEY
JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1
10300 EATON PLACE, SUITE 200
FAIRFAX, VIRGINIA 22030
_____

(703) 218-4410

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Objection to Entry of Summary Judgment was served by electronic mail this 3rd day of September, 2021 to the following:

Matthew A. Ranck
Schenker, Krause & Lopez
600 Red Brook Blvd., Suite 650
Owings Mills, Maryland 21117
*Attorneys for Defendant*

/s/ Justin M. Beall
Justin M. Beall

LAW OFFICES
KOONZ MCKENNEY
JOHNSON & DEPAOLIS LLP
WILLOW WOOD PLAZA 1
10300 EATON PLACE, SUITE 200
FAIRFAX, VIRGINIA 22030
———
(703) 218-4410

4